FILED

2021 DEC 14 PM 12: 34

CHRISTOPHER WILSON
644 EAST LEE PLACE
AZUSA, CA 91702
323-345-3984

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JURISDICTION

CHRISTOPHER WILSON,

Plaintiff,

vs.

LOS ANGELES POLICE DEPARTMENT
DETECTIVE FRANCISCO ORTIZ,

Defendant

Case No. **CV21-9666-** VBF (SHK)

PLAINTIFFS COMPLAINT FOR 42 USC 1983 CIVIL RIGHTS VIOLATIONS; 4TH AMENDMENT UNREASONABLE SEARCH AND SEIZURES, CAL ECPA ACT VIOLATIONS, BRADY VIOLATIONS (SUPPRESSION OF EXCULPATORY AND MATERIAL EVIDENCE)

PLEADING TITLE

CLAIM 1, UNREASONABLE SEARCH AND SEIZURES IN VIOLATION OF THE UNITED STATES CONSTITUTION 4TH AMENDMENT

PLAINTIFF WAS ARRESTED JUNE 16TH, 2021, AFTER DALE ROCHE MADE A FALSE 911 CALL ALLEGING THAT THE PLAINTIFF HAD PULLED A WEAPON ON HIM. THIS WAS WEAPON WAS NEVER RECOVERED BY THE LOS ANGELES POLICE DEPARTMENT, HOWEVER, PLAINTIFF WAS FALSELY ARRESTED FOR CRIMINAL THREATS. PLAINTIFFS CELLPHONE WAS SEARCHED IN AN UNLOCKED STATE. AND BOOKED AS EVIDENCE ON JUNE 16TH, 2021. PLAINTIFF BAILED OUT OF CUSTODY AND ON JUNE 18TH, 2021, HE MET WITH DETECTIVE FRANCISCO ORTIZ REGARDING THE RETURN OF HIS CELLPHONE WHICH LAPD ERRONEOUSLY BOOKED AS EVIDENCE. PLAINTIFF ASSERTS HE HAD A SUBSTANTIAL POSSESSORY PROPERTY INTEREST IN THE ITEM SEIZED. THE DEFENDANTON

THE DEFENDANT DETECTIVE ORTIZ OF THE LOS ANGELES POLICE DEPARTMENT, APPLIED FOR A SEARCH WARRANT ON AUGUST 31ST, 2021, WHICH WAS 75 DAYS FROM PLAINTIFFS INITIAL ARREST. THE DELAY IN THE APPLICATION FOR THE SEARCH WARRANT WAS UNREASONABLE, IN THE AMOUNT OF TIME THAT

PLEADING TITLE - 1

ELAPSED AND THE ITEM SEIZED CONTAINS INFORMATION OF THE PLAINTIFF'S PERSONAL LIFE. THE ITEM SEIZED (CELLPHONE) WAS NEVER REPORTED BY THE ALLEGED VICTIM AS BEING USED AS A METHOD OF HARASSMENT.  THE DETECTIVE FRANCISCO ORTIZ OF THE LOS ANGELES POLICE DEPARTMENT DID NOT JUSTIFY THE DELAY IN HIS PROBABLE CAUSE AFFIDAVIT, IN WHICH HE USED TO RECEIVE THE SEARCH WARRANT TO SEARCH PLAINTIFFS' CELLPHONE. THE LENGTH OF TIME THE PROPERTY WAS RETAINED BEFORE SEARCH WARRANT WAS SOUGHT WAS UNREASONABLE WITHIN MEANING OF THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION. THE DETECTIVE DID NOT SHOW IN HIS PROBABLE CAUSE AFFIDAVIT WHAT THE EXACT NEED FOR 75 DAYS TO ELAPSE BEFORE APPLYING FOR A SEARCH WARRANT. THE DETECTIVE ABUSED HIS POWERS IN THIS CASE. THE ITEM SEIZED DID BELONG TO SOMEONE. THE PLAINTIFF CAME TO THE SOUTHWEST STATION ON JUNE 18TH, 2021 AND SPOKE TO DETECTIVE ORTIZ ABOUT THE RECOVERY OF HIS PHONE. THE ITEM TO BE SEARCHED ALSO WAS NOT EVIDENCE OF A CRIME ITSELF. THE EVIDENCE OF A CRIME THE DETECTIVE SOUGHT, WAS IN FACT INSIDE THIS DEVICE. THE DETECTIVE DID NOT HAVE A LENGTHY TIME TO UNREASONABLE IN APPLYING FOR A SEARCH WARRANT. THE DETECTIVES LAPSE OF 75 DAYS QUESTIONS WHETHER THE INFORMATION LEADING UP TO THE SEARCH WARRANT IS ALSO STALE.

CLAIM 2

VIOLATION OF THE CALIFORNIA ELECTRONIC COMMUNICATIONS PRIVACY ACT; SUPPRESSION OF MATERIAL, VOID WARRANT AND DESTRUCTION OF FILES RETAINED IN VIOLATION OF CAL PEN CODE 1546.4

DETECTIVE FRANCISCO ORTIZ FAILED TO COMPLY WITH THE CALIFORNIA ELECTRONIC COMMUNICATIONS PRIVACY ACT BY NOT NOTIFYING THE PLAINTIFF HE WAS THE "IDENTIFIED TARGET" OF THE THIRD-PARTY RECORDS SEARCH AS IN PENAL CODE 1546.2 (a). NOTICE MAY BE SERVED BY FIRST CLASS MAIL, EMAIL, OR OTHER REASONABLY EFFECTIVE METHODS. THE DEFENDANT DID NOT APPLY FOR A HOBBS SEALED SEARCH WARRANT, WHICH WOULD GRANT HIM THE OPPORTUNITY TO DELAY NOTIFICATION TO THE PLAINTIFF. INSTAED, THE DEFENDNAT SOUGHT AN EXTENSION DELAYING THE EXECUTION TIME CONSTRAINTS UNTIL AFTER THE MATERIAL WAS RETURNED. THIS IS IN DIRECT VIOLATION OF CALIFORNIA LAW.

THE PLAINTIFF CONTESTES HE WAS NEVER NOTIFIED BY DETECTIVE ORTIZ OR ANY OTHER LAPD LAW ENFORCEMENT PERTAINING TO THE THIRD-PARTY RECORDS REQUEST. THE AMOUNT OF INFORMATION DISCLOSED TO LAW

PLEADING TITLE - 2

ENFORCEMENT, IN VIOLATION OF CALIFORNIA STATUTES, IS DAMAGING WHEN WEIGH IN PLAINTIFFS' PROPERTY INTEREST. LAPD OFFICERS HAVE BEEN ABLE TO SEARCH PLAINTIFFS' RECORDS AND CELLPHONE DATA THAT HAVE ABSOLUTELY NO RELEVANCE TO THE CHARGES. THE STATE OF CALIFORNIA SHOULD NOT BE ALLOWED TO USE ANY INFORMATION RECEIVED IN VIOLATION OF CALIFORNIA STATUTES.

CLAIM 3 DUE PROCESS VIOLATIONS OF THE 14TH AMENDMENT'S EQUAL PROTECTION CLAUSE; BRADY VIOLATIONS FOR SUPPRESSION OF MATERIAL AND EXCULPATORY EVIDENCE THAT WOULD PROVE PLAINTIFF' INNOCENCE.

PLAINTIFF HAS BEEN CHARGED, ARRAIGNED AND NOW FACES PRELIMINARY HEARING JANUARY 19TH, 2021 IN THE CLARA SHORTRIDGE FOLTZ COURT HOUSE UNDER CASE NO. BA499041 PEOPLE OF THE STATE OF CALIFORNIA V. CHRISTOPHER DAJHUN WILSON.

ON JUNE 16TH, 2021, PLAINTIFF WAS ARRESTED FOR CRIMINAL THREATS, AFTER DALE ROCHE LIED ABOUT THE PLAINTIFF POINTING A BALCK HANDGUN AT HIM. THIS HANDGUN WAS NEVER ON THE PLAINTIFF OR IN HIS VEHICLE. PLAINTIFF WAS ARRESTED AND CHARGED. DETECTIVE FRANCISCO ORTIZ OF THE LOS ANGELES POLICE DEPARTMENT BEGAN WORKING ON THE CASE IMMEDIATELY JUNE 17TH, 2021. WHILE CONDUCTING HIS INVESTIGATION, DETECTIVE ORTIZ WOULD HAVE HAD TO COME ACROSS THE 911 TAPE RECORDINGS THAT INITIATED THE POLICE TO APPREHEND THE PLAINTIFF ON JUNE 16TH, 2021. ON JUNE 16TH, 2021, DALE ROCHE (ALLEGED VICTIM) MADE TWO 911 TELEPHONE REPORTS AGAINST THE PLAINTIFF CHRISTOPHER WILSON. BOTH ARE FALSE IN NATURE.   ON THE FIRST 911 RECORDING ON JUNE 16TH, 2021 APPROXIMATELY 11:50 A.M, DALE ROCHE ALLEGED THAT THE PLAINTIFF HAD PUNCHED HIS TRUCK WINDOW TO THE DISPATCHER. HOWEVER, THERE IS A BREIF SILENCE ON THE TELEPHONE LINE WITH THE 911 DISPATCHER AFTER DALE ROCHE HAS FINISHED TALKING. DALE ROCHE IS UNAWARE THAT THE 911 CALL IS STILL LIVE AND RECORDING. DALE ROCHE CAN BE HEARD IN THE BACKGROUND AFTER RELAYING THIS INFORMATION TO THE 911 DISPATCHER, "DID YOU GET THAT"? TO SOMEONE AND THEY CAN BOTH BE HEARD SETTING THE PLAINTIFF UP. DALE ROCHE'S NEXT STATEMENT IS ONE THAT IS VERY EXCULPATORY AND MATERIAL IN NATURE, HE STATED "HE (DALE ROCHE) IS FINNA GET THIS MOTHERFUCKER OUT THE WAY". IN REFERENCE TO THE PLAINTIFF. THIS EVIDENCE HAS NOT BEEN PROVIDED TO THE PROSECUTION IN CONNECTION WITH CASE NO. BA499041 THAT THE PLAINTIFF IS BEING FACED WITH CHARGES OF CRIMINAL THREATS.

PLEADING TITLE - 3

THE SECOND TELEPHONE REPORT OF DALE ROCHE (ALLEGED VICTIM) IS ON JUNE 16TH, 2021, AT APPROXIMATELY 1:45 P.M. THIS TIME DALE ROCHE CAN BE HEARD YELLING "3982 MAN WITH A GUN VERY LOUDLY OVER AN OVER". THE DISPATCHER ASKES MR. ROCHE DID YOU SEE THE WEAPON. DALE ROCHE REPLIED YES. DALE ROCHE IS VERY DRAMATICAL IN HIS CONVERSATION WITH THE 911 DISPATCHER. DALE ROCHE IS ALSO HEARD TELLING HIS BOSS, MR. PENNIBAR, THAT I KNOW YOU HAVE TO LEAVE SIR WHILE HE IS DESCRIBING THIS CRIME TO POLICE. DALE ROCHE IS ATTEMPTING TO HIDE A WITNESS AND OMIT THE PRESENCE OF MATERIAL WITNESS WHOSE FACTS MAY HAVE BEEN DIFFERENT. THE FACT THAT DALE ROCH'S SUPRVISOR FELT COMFORTABLE LEAVING WHGILE DALE ROCHE IS ALLEGING HE WAS THREATENED WITH A GUN IS EXCULPATORY AND MATERIAL EVIDENCE. WHY WOULD MR. PENNIBAR LEAVE WITHOUT SUPPORTING DALE ROCHE'S SIDE OF EVENTS. DALE ROCHE FAILS TO EVER MENTION TO LAPD OFFICERS AND DETECTIVE ORTIZ, THAT HIS BOSS WAS PRESENT. THE DETECTIVE HAS APPLIED FOR A SEARCH WARRANT IN WHICH HE STATES IN HIS AFFIDAVIT THAT ALL EVIDENCE REGARDING THESE THREE D.R REPORTS FILED AGAINST PLAINTIFF WERE UPLOADED TO EVIDENCE.COM, WHERE THE PROSECUTOR HAS FULL ACCESS TO THEM.

ON OCTOBER 18TH, 2021, PLAINTIFF WAS FORMALLY CHARGED WITH CRIMINAL THREATS IN THE CLARA SHORTRIDGE FOLTZ COURT HOUSE. NONE OF THE EXCULPATORY AND MATERIAL EVIDENCE AS PROVIDED PER RULINGS IN BRADY AND GIGLIO, HAVE BEEN TURNED OVER TO THE PLAINTIFF IN PREPARATION FOR HIS DEFENSE. THE PLAINTIFF HAS MADE MULTIPLE REQUEST BUT UNDER BRADY AND GIGLIO THESE DISCLOSURES ARE A CONSTITUTIONAL DUTY OF THE PROSECUTION AND ITS TEAM (POLICE OFFICERS). THE DENIAL OF BRADY DISCLOSURES ARE A VIOLATION TO THE PLAINTIFFS DUE PROCESS RIGHTS, WHICH APPLY TO THE STATES UNDER THE 14TH AMENDMENT OF THE U.S CONSTITUTION. PLAINTIFF WOULD NOT RECEIVE A FAIR TRIAL IF THIS EVIDENCE WAS CONTINUOUSLY WITHHELD. THE PLAINTIFF CONTESTES THAT HE IS INNOCENT.

CLAIM 4
FALSE AFFIDAVIT

UNDER 42 USC 1983 OF THE 1871 CIVIL RIGHTS ACT

PLAINTIFF ALLEGES THAT THE DEFENDANT OMITTED INFORMATION REGARDING HIS KNOWLEDGE OF THE 911 TAPES THAT DISPUTE CHRISTOPHER WILSON'S INNOCENCE. THE DEFENDNAT ALSO SWORE UNDER THE PENALTY OF

PLEADING TITLE - 4

PERJURY THAT HE IS LOOKING FOR A CO-CONSPIRATOR BUT DOES NOT JUSTIFY WHY. THE DETECTIVE ALSO OMITTED INFORMATION REGARDING THE PLAINTIFF NOT BEING FOUND WITH THE CONTRABAND THAT THE VICTIM ALLEGED THAT HE HAD. THE CELLPHONE SEARCH COULD NOT JUSTIFY AN ARREST FOR A WEAPON THAT WAS NEVER FOUND. THE DETECTIVE LEFT OUT FACTS THAT A MAGISTRATE WOULD HAVE LIKE TO HAVE KNOWN AT THE TIME OF THE GRANT OF SEARCH WARRANT.

RELIEF

THE PLAINTIFF REQUEST THAT THE COURTS ISSUE AN TEMPORARY INJUNCTION VOIDING LAPD DETECTIVE FRANCISO ORTIZ'S APPLICATION FOR SEARCH WARRANT, VOIDING THE WARRANT, AND SUPRESSION OF ALL ILLEGALLY OBTAINED EVIDENCE. THE PLAINTIFF REQUESTS A STAY IN THE PROCEEDINGS OF CASE NO. BA490041 IN THE SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES. THE PLAINTIFF WILL BE EXTREMELY PREJUDICED BY THE WITHHOLDING OF BRADY MATERIALS. PLAINTIFF REQUEST COMPENSATORY DAMAGES BE AWARDED AND DETERMINED BY A JURY TRIAL.

X. CHRISTOPHER WILSON                         DATE 12/13/2021

PLEADING TITLE - 5

x _(signature)_                               Date 12/13/2021